ORIGINAL

FILED
APR - 6 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AXIOM RESOURCE MANAGEMENT, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

CoFC No. 07-223 C

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PRELIMINARY INJUNCTION**

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, VA 20110
(703) 368-8770

Counsel for Plaintiff Axiom Resource Management, Inc.

April 6, 2007

## TABLE OF CONTENTS

I. Questions Presented ........ 2

II. Statement of the Case ........ 2

A. The TRICARE Procurement ........ 2

B. Prior Proceedings ........ 5

C. The Current Award Decision ........ 7

III. Argument ........ 8

A. Standard of Relief ........ 9

B. It is Likely that Axiom Will Succeed on the Merits in this Litigation ........ 9

C. Axiom will Suffer Immediate Irreparable Injury ........ 10

D. The Harm to Axiom Far Outweighs the Harm to the Army or any Other Entity ........ 10

E. It is in the Public's Interest to Grant the Injunction ........ 11

IV. Conclusion ........ 11

# TABLE OF AUTHORITIES

## I. Statutes and Regulations

31 U.S.C. § 3553 .......... 1, 2, 8, 9

48 C.F.R. § 33.104 .......... 1, 8, 9

## II. Caselaw

Aerolease Long Beach & Satsuma Investment, Inc. v. United States, 31 Fed. Cl. 342 (1994) .......... 10

Cincom Systems, Inc. v. United States, 37 Fed. Cl. 266 (1997) .......... 9

Dairy Maid Dairy, Inc. v. United States, 837 F. Supp. 1370 (E.D. Va. 1993) .......... 9

Logicon, Inc. v. United States, 22 Cl. Ct. 776 (1991) .......... 11

National Maritime Union of America v. Commander, MSC, 824 F.2d 1228 (D.C. Cir. 1987) .......... 10

O'Donnell Construction Co. v. District of Columbia, 963 F.2d 420 (D.C. Cir. 1992) .......... 10

SDS International, Inc. v. United States, 55 Fed. Cl. 363 (2003) .......... 9

Varicon International, *et al.* v. Office of Personnel Management, 934 F. Supp. 440 (D.D.C. 1996) .......... 10

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**COMES NOW** Plaintiff Axiom Resource Management, Inc. ("Axiom"), by and through the undersigned counsel, and hereby protests the failure of the United States Department of Army (the "Army"), through its Contracting Officer, Daniel Signore, U.S. Army Medical Research Acquisition Activity, Fort Detrick, Maryland., to obey the requirements of Title 31 United States Code and the Federal Acquisition Regulation ("FAR") by permitting performance of a contract awarded to Lockheed Martin Federal Healthcare ("LMFH")[1] or Lockheed Martin Information Technology ("LMIT") under Request for Quotations No. 154160 under the GSA Mission Oriented Business Improvement Services ("MOBIS") Federal Supply Schedule (the "Solicitation" or the "RFQ") to provide program management support services to the TRICARE Acquisitions Directorate ("TAD") of the TRICARE medical care system. Although this award is the subject of a protest filed by Axiom at the Government Accountability Office ("GAO") docketed as Axiom Resource Management, Inc., B-298870.3, the Army has failed to comply with the automatic stay requirements found in the Competition in Contracting Act ("CICA"). See 31 U.S.C. § 3553; 48 C.F.R. § 33.104.

Although the Federal Acquisition Regulation provides a mechanism for the Army to attempt to justify the override of the automatic stay, there is no indication that the Army has accomplished the required regulatory actions permitting the override. See 48 C.F.R. § 33.104(c)(2)(i). Therefore, Army's actions have not been in accordance with the requirements of the FAR.

---

[1] This entity was previously identified in this procurement as Lockheed Martin Information Technology ("LMIT"). Axiom is unaware if LMIT has changed its name or if the Government intends to award a contract under the RFQ to an entity that was not previously bidding on this effort.

By this filing, and the accompanying Request for Temporary Restraining Order and Motion for Preliminary Injunction, Axiom seeks an order enjoining the Government from taking the actions described above or in the alternative enjoining the Army from employing the funds obligated to the performance of a contract to provide the services required under Request for Quotations No. 154160 or any contract awarded to LMFH, LMIT, or any entity other than the Plaintiff for these services. Finally, Axiom also seeks its attorney's fees and its costs in bringing this action.

## I. Questions Presented

Is the Army's failure to comply with the automatic stay set forth in 31 U.S.C. § 3553 arbitrary and capricious?

## II. Statement of the Case

### A. The TRICARE Procurement

The Army acting through the U.S. Army Medical Research Acquisition Activity issued the RFQ as a competitive task order under the GSA MOBIS Schedule. Only offerors possessing a contract under the MOBIS Federal Supply Schedule were permitted to submit offers in response to the RFQ. The Performance Based Statement of Work ("PBSOW") associated with the RFQ states that the Army was seeking services in support of the TRICARE medical care system. TRICARE provides medical services to military members, retirees and their families worldwide. According to the RFQ:

> This award provides for program management support services to the TRICARE Acquisitions Directorate (TAD) to operationalize the TRICARE program. Services provided by the Contractor shall include supporting Integrated Project Teams and Working Integrated Project Teams, maintaining project milestone charts, and preparing documentation as necessary. Program activities supported shall include, but are not

necessarily limited to, Claims Processing, HIPAA compliance, DEERS and TEDS support, General Counsel administrative support, as well as support for the T-3 suite of contracts.

PBSOW, ¶ 1.0. Axiom is the incumbent contractor for the work sought by the current RFQ.

The RFQ stated that the Army's award decision will be based on the following:

Award of this task order will be made on a competitive best value basis, using "tradeoff" among cost/price and non-cost/price factors. The Government may elect to award to an Offeror who is not the lowest bidder. If the award is made to the superior technical Offeror, then a cost/technical tradeoff will have to be determined and qualified. Non-Cost/Price factors will include Technical Approach, Experience, Quality Control Approach, and Past Performance.

RFQ, ¶ T.1.1.1.

The RFQ stated that an offeror's past performance would be evaluated as follows:

The degree to which past performance evaluations either included in the proposal or identified by the evaluators in any other manner, reflect success in the Tasks outlined in the PBSOW Section 2.2 and the degree to which these evaluations of past performance reflect a management approach that encourages customer satisfaction and collaboration. The offeror must provide a list of at least 3 but no more than 5, references of relevant past and present contracts for Federal, State and/or City agencies and commercial customers within the past 3 years. "Relevant" is defined as like service as stated in this solicitation's Statement of Work in terms of similar scope and complexity. References must include:

Name of the Organization that will be providing the reference,
Name of the Point of Contact (POC),
POC Telephone Number,
POC Email address,
Contract Number,
Period of Performance, and
Scope of Work.

The Government may also consider information obtained through other sources. Past performance information will be utilized to determine the quality of the contractor's past performance as it relates to the probability of success of the required effort. Ensure that contract information is accurate and up-to-date, as references will be checked.

RFQ, ¶ T.1.1.3.4. Axiom submitted four past performance references including one from the contracting officer's representative ("COR") for the incumbent contract.

The RFQ also discussed the nature of its organization and the potential of OCI's on the part of the offerors:

> TRICARE Management Activity (TMA) has categorized all its non-purchased care requirements into three broad categories, as defined below, for purposes of identifying, avoiding or mitigating against Organizational Conflicts of Interest (OCIs) in accordance with FAR Subpart 9.5. These categories are defined as follows:
>
> - Category 1: TMA Internal Support: Services which, by their very nature, give the Contractor access to extensive data about the contracts of all other TMA contractors.
>
> - Category 2: Program Management Support: Services which assist TMA in planning and managing its activities and programs. This includes, for example: requirements analysis, acquisition support, budget planning and management, business process reengineering, program planning and execution support, and independent technical management support.
>
> - Category 3: Product Support. Services or end items required to meet the mission requirements of TMA's non-purchased care activities and programs. This includes, for example: concept exploration and development; system design; system development and integration; COTS procurement and integration; internal development testing; deployment; installation; operations; and maintenance.
>
> Contractor participation in more than one of these areas may give rise to an unfair competitive advantage resulting from access to advance acquisition planning, source selection sensitive or proprietary information. Furthermore, contractor participation in more than one area may give rise to a real or apparent loss of contractor impartiality and objectivity where its advisory or planning assistance in one area potentially affects its present or future participation in another area.
>
> The purpose of this categorization is to accomplish the following three objectives: (1) to inform prospective Offerors that TMA presumes that award of a contract or order in the subject category will give rise to real or apparent OCIs with respect to requirements in the other two categories; (2) to assist current contractors and prospective Offerors in developing their own business strategies regarding participation in TMA requirements and

> in identifying and, where possible, avoiding or mitigating against OCIs; and (3) to ensure that all current contractors and prospective Offerors are afforded the maximum practicable opportunity to compete for all TMA requirements consistent with the restrictions required under FAR Subpart 9.5 and sound business practices.

PBSOW, ¶ 1.4.

The RFQ further stated that the work under the solicitation fell within Category 2 contract work, which meant that Offerors performing either Category 1 and 3 contract work for TMA were subject to an OCI. Additionally, this language makes it clear that this OCI is unmitigable.

Axiom performs only Category 2 work for TMA. Conversely, LMFH currently provides system programming services under RFQ No. 93659 for the TRICARE Encounter Data process ("TED"), which is a Category 2 contract for the TRICARE organization, HPA&E. Axiom submitted a timely proposal in response to the RFQ.

**B. <u>Prior Proceedings</u>**

By letter, dated September 14, 2006, received by Axiom on September 19, 2006, the contracting officer informed Axiom that it was not the successful awardee under the RFQ, but that the Government intended to award a contract to LMFH. According to the contracting officer's letter while Axiom had no weaknesses in its technical proposal, Axiom's technical proposal was given a lower score than LMFH's technical proposal. The contracting officer's correspondence also stated that Axiom's cost proposal was in some way "overstated." No discussions were held with Axiom concerning any portion of its proposal.

The work to be provided under the RFQ here involves Category 2 support as described above. Upon information and belief LMFH currently provides Category 1 or 3 services to TMA

and therefore has an unmitigated OCI preventing award of the current contract to the proposed awardee.

Based on the information known to Axiom and the statements in the contracting officer's notice of award, Axiom by letter, dated September 25, 2006, filed a protest with the Comptroller General concerning the award.

The protest was docketed as Axiom Resource Management, Inc., B-298870. On October 18, 2006, the Government moved to partially dismiss Axiom's protest for failure to state a claim. In accordance with a schedule proposed by the Comptroller General, on October 24, 2006, Axiom opposed the Government's motion.

Subsequently on October 25, 2006, the contracting officer proposed to take corrective action and the Government requested that the protest be dismissed as moot. Specifically, the contracting officer stated that he intended to take corrective action to review the OCI related to LMFH's performance of both Category 1 and Category 3 services. Although the proposed corrective action failed to address Axiom's other protest grounds, the Comptroller General, over Axiom's objection, dismissed Axiom's protest as moot on October 31, 2006.

By letter, dated December 7, 2006, and received by Axiom on December 6, 2006, the contracting officer stated that it was his intention to award a contract under the RFQ to LMFH. According to the contracting officer's award notice, the proposed awardee and Axiom were the only offerors.

Apparently, LMFH was rated Exceptional and Axiom was rated as Good; however a review of the contracting officer's award notice indicates that Axiom's proposal was not evaluated in accordance with the terms of the RFQ. Specifically, Axiom's technical proposal

was downgraded to merely Acceptable without any discussions between the Government and Axiom.

Similarly, Axiom's past performance rating was identified as Good; however, the contracting officer only contacted two of Axiom's four past performance references, and one of the references **NOT** contacted was Axiom's reference for its performance of the incumbent contract for the services sought under the RFQ.

Finally, the Government contended that it has resolved the potential OCI because "LMFH does not currently provide any purchased care services [and] LMFH also provided a detailed mitigation plan"; however, the Government's notice provides no detail concerning the alleged mitigation plan. Furthermore, the mere fact that the Army has determined that there is no current OCI does not discharge the agency's obligation under the FAR to anticipate and address both actual and potential OCIs.

Based on the Government's failure to enforce the terms of the RFQ, Axiom filed a protest with the Comptroller General on December 7, 2006. On January 8, 2007, prior to the filing of the Agency Report, the Army informed the Government Accountability Office ("GAO") that it intended to take corrective action to address Axiom's OCI arguments. Based on the Army's assertions, the GAO dismissed Axiom's protest on January 16, 2007.

### C. <u>The Current Award Decision</u>

On April 2, 2007, Axiom was informed that LMFH's contract was to be reinstated, the stop work order rescinded and that LMFH was to begin performance on April 3, 2007. To Axiom's knowledge no new source selection decision has been made, nor has the Army modified the RFQ to remove the unmitigable OCI language described above. <u>See</u> Complaint at ¶ 20.

Based on this information Axiom filed a protest with the Comptroller General on April 3, 2007. This protest was docketed as Axiom Resource Management, Inc., B-298870.3.

In its protest at the GAO, Axiom requested that performance of any contract by LMFH be automatically stayed under the Competition in Contracting Act. 31 U.S.C. § 3553; 48 C.F.R. § 33.104

On April 3, 2007 LMFH held two meetings with Axiom's employees at TRICARE's offices during business hours seeking to induce Axiom's employees to sign letters of commitment to work for LMFH on the TAD Contract. Some of Axiom's employees signed the proffered agreement. At LMFH's request, the Army has removed all Axiom employees who did not execute the proffered access to the TRICARE computer network which is necessary for contractor personnel to perform services for the Army. See Complaint at ¶ 22.

Although Axiom's protest was timely filed with the GAO, the Army has taken no steps to impose the required, automatic stay in this procurement. LMFH began performance under the RFQ on April 4, 2007, and they are currently performing the work which is the subject of the protest. See Complaint at ¶ 23.

Axiom is ready, willing and able to immediately perform any and all work required under the RFQ. Axiom has the personnel, funds, equipment, trucks, office space and all other necessary requirements in place to commence work immediately. See Complaint at ¶ 24.

## III. Argument

Axiom's case meets each of the injunction factors applied by the U.S. Court of Appeals for the Federal Circuit. Plaintiff has a high likelihood of success on the merits of its claims, and it will suffer irreparable injury in the absence of the requested injunctive relief. Moreover,

granting the relief requested will serve the public interest, without harming the Army or any other interested party. Therefore, Axiom is entitled to injunctive relief:

a. Enjoining the Army from permitting performance of any contract under the RFQ.

b. Or in the alternative enjoining the Army from employing the funds obligated to the performance of the RFQ in the performance of any contract awarded to LMFH, LMIT, or any other entity besides the Plaintiff for these services.

**A. Standard of Relief**

In considering a motion for a preliminary injunction, this Court applies the following criteria:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;

(2) the likelihood that the plaintiff will succeed on the merits; and

(3) whether a preliminary injunction will be contrary to the public interest.

See SDS International, Inc. v. United States, 55 Fed. Cl. 363 (2003); Cincom Systems, Inc. v. United States, 37 Fed. Cl. 266 (1997).

**B. It is Likely that Axiom Will Succeed on the Merits in this Litigation.**

Axiom has filed a protest challenging the performance of any contract awarded to LMFH or LMIT under the RFQ. The filing of protest with the Government Accountability Office ("GAO") automatically stays award or performance of challenged contract until: (a) GAO decides protest on merits; or (b) head of procuring activity or agency certifies in writing that statutory requirements for overriding stay have been met. See 31 U.S.C. § 3553(d)(3). This stay is automatic and must be obeyed by the contracting activity. See Dairy Maid Dairy, Inc. v. United States, 837 F. Supp. 1370 (E.D. Va. 1993). The GAO has not decided Axiom's protest,

and the head of the Army's procuring activity has not certified in writing that the statutory requirements for overriding the stay have been met.

Despite these requirements LMFH or LMIT is currently performing the services requested under the RFQ. There is no justification for the Army's action. This is especially true here where the Federal Acquisition Regulation provides a mechanism for the Army to attempt to justify the override of the automatic stay, but there is no indication that the Army has accomplished the required regulatory actions permitting the override. See 48 C.F.R. § 33.104(c)(2)(i). Therefore, Army's actions have not been in accordance with the requirements of the FAR and must be enjoined by the Court.

**C. Axiom will Suffer Immediate Irreparable Injury.**

Absent granting of the requested injunctive relief, Axiom will suffer the loss of the opportunity to perform under the RFQ or to participate in a balanced and equitable procurement process. Many Courts have found that plaintiffs would be irreparably injured in the face of much more speculative harms. See Aerolease Long Beach & Satsuma Investment, Inc. v. United States, 31 Fed. Cl. 342 (1994); National Maritime Union of America v. Commander, MSC, 824 F.2d 1228 (D.C. Cir. 1987); O'Donnell Construction Co. v. District of Columbia, 963 F.2d 420 (D.C. Cir. 1992); Varicon International, *et al.* v. Office of Personnel Management, 934 F. Supp. 440 (D.D.C. 1996) (plaintiff would be irreparably injured by the loss of its opportunity to participate in a procurement process free from taint). Clearly, the loss of Axiom's ability to receive the benefits of its participation in a competitive procurement is an irreparably injury.

**D. The Harm to Axiom Far Outweighs the Harm to the Army or any Other Entity**

It is beyond cavil that Axiom will be irreparably injured by the loss of its ability to

perform or receive the benefits of the contract it received as a result of a competitive procurement. Furthermore, LMFH/LMIT or some other contractor and Axiom cannot be injured by the prevention of the performance of an illegally awarded contract and the agency's failure to comply with the mandatory and automatic stay provisions of CICA.

### E. It is in the Public's Interest to Grant the Injunction.

It is beyond a doubt that the public's interest lies in its ability to have faith in the procurement process and for offeror's to receive an effective remedy when the Government violates those rules. As the Court of Federal Claims stated in Logicon, Inc. v. United States, 22 Cl. Ct. 776 (1991), the concept of a level playing field is at the heart of the federal procurement system.

Permitting the Government to corrupt the competitive process in the fashion it intends and permitting the continuing performance of an illegally awarded contract exposes the Government to needless expense, is contrary to statute, and is simply unfair to the Plaintiff; therefore, the Court should immediately enjoin the Government's course of action.

## IV. Conclusion

Plaintiff respectfully requests that the Court issue an order immediately enjoining the Government from taking the actions described above or in the alternative enjoining the Army from employing the funds obligated to the performance of a contract to provide the services required under Request for Quotations No. 154160 or any contract awarded to LMFH, LMIT, or any entity other than the Plaintiff for these services.

Respectfully submitted,

Date: 4/6/07

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, VA 20110
(703) 368-8770

Counsel for Plaintiff Axiom Resource Management, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2007, a copy of the foregoing Memorandum in Support of Plaintiff's Motion for Preliminary Injunction was served by telecopy and first class mail on:

Counsel for the United States Roger Hipp, Esq., United States Department of Justice, Commercial Litigation Branch, 1100 L Street, N.W., Room 10112, Washington, DC 20530, fax (202) 514-8640; and

Daniel R. Signore, Contracting Officer, U.S. Army Medical Research Acquisition Activity, Fort Detrick, Maryland, fax (301) 619-2195.

James S. DelSordo